# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The Town of Hilton Head Island, South Carolina, John J. McCann and Stephen G. Riley, Appellants,

v.

Beaufort County, South Carolina, Respondent.

Appellate Case No. 2025-001773

———————

Appeal from Beaufort County
H. Steven DeBerry IV, Circuit Court Judge

———————

Opinion No. 28341
Heard May 19, 2026 – Filed June 24, 2026

———————

**AFFIRMED**

———————

Curtis Lee Coltrane and LaQuin Janerel Andrus, both of Coltrane & Wilkins, LLC, of Hilton Head Island, for Appellants.

M. Dawes Cooke, Jr., and John William Fletcher, both of Barnwell Whaley Patterson & Helms, LLC, of Charleston, for Respondent.

———————

**PER CURIAM:** In this direct appeal, we must consider whether Beaufort County lawfully enacted an ordinance imposing a law enforcement service charge and user fee on the residents of the Town of Hilton Head Island (Hilton Head). For reasons explained below, we affirm the circuit court's order upholding the ordinance.

For decades, Hilton Head has contracted with the Beaufort County Sheriff's Office (BCSO) to provide municipal law enforcement services to Hilton Head and its residents. As part of this arrangement, the BCSO assigns many officers to patrol and respond to every single call for policing service in Hilton Head. Comparatively, in every other incorporated municipality in Beaufort County—which fund and staff their own municipal police departments—the BCSO responds to, on average, less than twelve percent of the calls for policing service.[1] In 2019, Hilton Head decided to substantially reduce its annual contractual payments to the County based on its belief that the BCSO did not provide an "enhanced" level of policing service to Hilton Head. In response, the County enacted Ordinance 2020-29, imposing a law enforcement service charge and user fee on all real property located within Hilton Head.

Hilton Head, along with two of its residents, (collectively Appellants) challenged the Ordinance in circuit court, claiming it was an invalid service charge and user fee under S.C. Code Ann. § 6-1-300(6) (Supp. 2025).[2] Specifically, Appellants claimed the Ordinance did not provide a unique benefit to the fee payers (i.e., residents of Hilton Head) and, instead, charged them for policing services that the BCSO generally provides to the rest of the County. The circuit court rejected this "unique" benefit argument, noting "there is little doubt" the residents of Hilton Head significantly benefit by having the full range of municipal policing services provided by the BCSO at a much lower cost than other residents in the County. The circuit court, therefore, concluded Appellants had failed to demonstrate the Ordinance was

[1] The remaining calls for service are answered by each municipality's respective municipal police departments, with the BCSO providing assistance when needed. *See* S.C. Att'y Gen. Op. of Apr. 20, 2011 (Westlaw), 2011 WL 1740740, at *7 ("[W]hile a sheriff, as chief law enforcement officer of a county, is statutorily obligated to patrol his county, which presumably would include a municipality within that county, *a sheriff, as a county official, is not generally considered to be obligated to provide specific services within a municipality and could [instead] offer contract law enforcement services to a municipality*." (emphasis added)).

[2] Appellants also claimed the ordinance violated the Equal Protection Clauses of the United States and South Carolina Constitutions. However, this argument was not ruled upon by the circuit court, and Appellants did not cite any legal authority to support this argument in their briefs before this court. We, therefore, find this issue unpreserved for appellate review and do not address it here. *See Broom v. Jennifer J.*, 403 S.C. 96, 115, 742 S.E.2d 382, 391 (2013) ("Issues raised in a brief but not supported by authority may be deemed abandoned and not considered on appeal.").

unlawful. Appellants then directly appealed the circuit court's order to this Court pursuant to Rule 203(d)(1)(A)(ii), SCACR.

Section 6-1-300(6) provides:

> "Service or user fee" means a charge required to be paid in return for a particular government service or program. "Service or user fee" also includes "uniform service charges." The revenue generated from the fee must:
>
> (a) be used to the benefit of the payers, even if the general public also benefits;
>
> (b) only be used for the specific improvement contemplated;
>
> (c) not exceed the cost of the improvement; and
>
> (d) be uniformly imposed on all payers.

The Ordinance here clearly satisfies the requirements of section 6-1-300(6). To start, Appellants obviously receive a direct benefit from paying the law enforcement service charge and user fee here in the form of municipal policing services provided by the BCSO. As the record reflects, the BCSO responds to *every* call for policing service in Hilton Head, while only responding to, at most, twelve percent of the calls for service in other municipalities. In our view, that discrepancy speaks volumes to the enhanced level of service the BCSO provides for Hilton Head and its residents. It is also clear from the record that revenue collected from the fee is kept in a separate fund and used only to compensate the BCSO for the policing services it provides to Hilton Head. Further, Appellants have failed to present any evidence that revenue collected from the fee exceeds the cost of policing services, nor have they established the fee is not uniformly applied to all residents of Hilton Head.

Nor do we believe that our Court's recent decision in *Burns v. Greenville County Council*, 433 S.C. 583, 861 S.E.2d 31 (2021), changes the result here. Indeed, *Burns* dealt with a prior version of section 6-1-300(6) that required a service charge or user fee to benefit the fee payer "in some manner different from the members of the general public not paying the fee." *Id.* at 587, 861 S.E.2d at 33. In the wake of *Burns*, the General Assembly amended section 6-1-300(6) to abrogate this heightened-benefit standard, instead codifying a more permissive rule under which a service or user fee is valid so long as the fee is "used to the benefit of the payers,

*even if the general public also benefits*." (Emphasis added).  As a result, the County merely needed to show that the Appellants received some benefit from the service fee here—which, as set forth above, we believe it has clearly established. Accordingly, we affirm the circuit court's order finding the County lawfully enacted the Ordinance.

**AFFIRMED.**

**KITTREDGE, C.J., FEW, JAMES, HILL and VERDIN, JJ., concur.**